UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES C. BARNUM, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-203** |
| **MARK ALAN WELCH, ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is *pro se* plaintiff James C. Barnum's ("plaintiff") motion[1] to appoint counsel. Plaintiff, proceeding *in forma pauperis*,[2] filed a civil complaint pursuant to 42 U.S.C. § 1983 alleging torture and cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution as well as violations of the Racketeer Influenced and Corrupt Organizations Act.[3] The Court previously dismissed[4] plaintiff's case without prejudice when no one appeared at a hearing after the Court issued an order[5] to show cause why the action should not be dismissed for failure to serve the defendants.

Plaintiff now moves[6] for the Court to appoint counsel to represent him in his civil case. In the motion, he states that he has tried on two occasions to file paperwork with the U.S. Marshals Service to have the defendants served, but those attempts

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 3.
[3] R. Doc. No. 1, at 3.
[4] R. Doc. No. 9.
[5] R. Doc. No. 8.
[6] R. Doc. No. 10.

have been to no avail.[7] He further states that he is in custody and that he is therefore unable to go to the U.S. Marshals Service office in an effort to ensure that the defendants are served.[8] For the reasons that follow, the Court denies plaintiff's motion.

While there is no right to appointment of counsel in civil cases, "a district court may appoint counsel if doing so would aid in the efficient and equitable disposition of the case" where a litigant is proceeding *in forma pauperis*. *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (quotation and citation omitted). Appointment of counsel is reserved for "exceptional circumstances." *Id.* at 141. While what amounts to exceptional circumstances is not easily defined, courts consider "(1) the complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Id.* at 140–41 (quoting

---

[7] *Id.* at 1. Plaintiff issued a summons to five defendants. *See* R. Doc. No. 4. The first summons as to Jacob Lee and University Medical Center were returned unexecuted because no address was provided. R. Doc. No. 6. The summons as to A Mukhopadhyay, Mark Alan Welch, and Anne Scruggs were returned unexecuted because they could not be located at the listed clinic address, and legal counsel would not accept service. R. Doc. No. 7. A second summons as to Jacob Lee was returned unexecuted because he did not work at the listed address. R. Doc. No. 11. A second summons as to University Medical Center was returned as executed successfully. R. Doc. No. 12. However, the University Medical Center summons was not executed until July 26, 2024—roughly a month after plaintiff's case was dismissed without prejudice on June 27, 2024. *See* R. Doc. No. 9 (order dismissing case without prejudice); R. Doc. No. 12 (summons as to University Medical Center returned executed).
[8] R. Doc. No. 10, at 1.

*Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Considering these factors, the Court in its discretion finds that appointing counsel for plaintiff is not warranted at this time. Aside from the difficulty effectuating service on the defendants, plaintiff has given this Court no reason why it should conclude that exceptional circumstances warrant appointing an attorney. Plaintiff has not provided this Court with a reason to conclude that his case is especially complex, that plaintiff is incapable of adequately representing his case, or that the evidence consists in large part on conflicting testimony which will require someone who has the skills to present evidence and cross examine a witness. While plaintiff does state that he is in custody, plaintiffs in custody frequently represent themselves *pro se* while asserting claims pursuant to § 1983. *See, e.g., James v. Gonzalez*, 348 F. App'x 957, 958 (5th Cir. 2009) (affirming a district court denial of a motion to appoint counsel in a § 1983 case filed by an incarcerated, *pro se* litigant because all exceptional circumstances asserted were "common elements in civil rights cases").

Indeed, plaintiff has other means of effectuating service on defendants without necessitating an attorney or the ability to visit the U.S. Marshals Service office. Pursuant to Federal Rule of Civil Procedure 4(c)(3), upon request by the plaintiff, a court must order that "service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" when, like in this case, the plaintiff is proceeding *in forma pauperis*. A court under these circumstances must order the requested service, provided that plaintiffs must still take "reasonable steps to identity

the defendant(s)." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).

Notwithstanding the availability of Rule 4(c)(3), because his case has been dismissed without prejudice, plaintiff must either refile his complaint or file a motion with the Court to reopen the above-captioned case before he can effectuate service on the defendants. Once his case has been refiled or reopened, the plaintiff may effectuate service on identified defendants upon proper motion to this Court, and he should not require an attorney to do so. Accordingly,

**IT IS ORDERED** that that plaintiff's motion to appoint counsel is **DENIED**.

New Orleans, Louisiana, August 29, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**