UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES C. BARNUM, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-203** |
| **MARK ALAN WELCH, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is *pro se* plaintiff James C. Barnum's ("plaintiff") motion[1] requesting that service be made on the defendants in this case. Plaintiff, proceeding *in forma pauperis*,[2] filed a civil complaint pursuant to 42 U.S.C. § 1983 alleging torture and cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution as well as violations of the Racketeer Influenced and Corrupt Organizations Act.[3] The Court previously dismissed[4] plaintiff's case without prejudice when no one appeared at a hearing after the Court issued an order[5] to show cause why the action should not be dismissed for failure to serve the defendants. The Court later reopened[6] this matter upon plaintiff's motion and granted him additional time to effectuate service.

Plaintiff has successfully served defendant University Medical Center

---

[1] R. Doc. No. 18.
[2] R. Doc. No. 3.
[3] R. Doc. No. 1, at 3.
[4] R. Doc. No. 9.
[5] R. Doc. No. 8.
[6] R. Doc. No. 15.

Management Corporation.[7] However, plaintiff's summonses as to his four other listed defendants have been unsuccessful. The summonses as to A Mukhopadhyay, Mark Alan Welch, and Anne Scruggs were returned unexecuted because they could not be located at the listed clinic address, and legal counsel would not accept service.[8] Additionally, two summonses as to Jacob Lee were returned as unexecuted, the first because no address was provided and the second because Jacob Lee did not work at the listed address.[9]

In a previous order,[10] this Court denied plaintiff's request for appointment of counsel to help him effectuate service on defendants while incarcerated. In that order, the Court noted that plaintiff could move for service of process by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4(c)(3) and that, so long as plaintiff took reasonable steps to identify the defendants, the Court must order the requested service.[11] Plaintiff's motion to effectuate service on defendants quotes this portion of the Court's order[12] but provides no additional information from which the U.S. Marshals Service may identify and serve the unserved defendants.

Upon request by a plaintiff authorized to proceed *in forma pauperis*, the Court must order "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. Pro. 4(c)(3). "But the Rules

---

[7] R. Doc. No. 12.
[8] R. Doc. No. 7.
[9] R. Doc. No. 6; R. Doc. No. 11.
[10] R. Doc. No. 13.
[11] *Id.* at 3–4.
[12] R. Doc. No. 18, at 1.

2

do not 'require the Marshals Service to become [the p]laintiff's personal investigator to track down any named [d]efendant." *Lamonte v. Woodall*, 2024 WL 1837221, at *2 (S.D. Miss. Apr. 26, 2024) (quoting *Warner v. Vill. of Ruidoso*, No. CV 12-627 MCA/GBW, 2016 WL 10721483, at *3 (D.N.M. Feb. 1, 2016). "[T]he Marshals Service is obligated to *deliver* process to a defendant, but [is] not solely responsible for the distinct act of *locating* defendants for *in forma pauperis* plaintiffs." *Id.* (quoting *Warner*, 2016 WL 10721483, at *3) (alterations and emphasis in original).

Plaintiff has not taken reasonable steps to identify and locate the defendants he would like served. In his motion, plaintiff has failed to provide the Court with the defendants' names and valid addresses. This is plainly insufficient to allow the U.S. Marshals Service to deliver process. Accordingly,

**IT IS ORDERED** that that plaintiff's motion to serve defendants is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court will send four blank summonses to plaintiff along with this order. Plaintiff may return the completed summons attached to a motion re-urging his request pursuant to Rule 4(c)(3). Each summons shall include the name and address of each defendant.

New Orleans, Louisiana, October 4, 2024.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE