UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES C. BARNUM, JR.** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-203** |
| **MARK ALAN WELCH, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is defendant University Medical Center Management Corporation's ("University Medical") motion[1] to dismiss *pro se* plaintiff James Barnum's ("plaintiff") complaint[2] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response,[3] and University Medical filed a reply.[4] Plaintiff thereafter filed an

---

[1] R. Doc. No. 21.
[2] R. Doc. No. 1. The Court construes these filings liberally as they were filed *pro se*. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).
[3] R. Doc. No. 24. Among other things, plaintiff states in his response that he never received University Medical's motion to dismiss. *Id.* at 2. University Medical's motion to dismiss included a certificate of service stating that service had been made using electronic filing. R. Doc. No. 21-2, at 15. As a *pro se* litigant, plaintiff is not enrolled in the Court's electronic filing system. However, the day after filing its motion, University Medical filed an additional certificate of service stating that it mailed the motion to plaintiff at 3000 Perdido St. New Orleans, LA 70119. R. Doc. No. 22. This is plaintiff's address of record with the Court and the address that plaintiff used in his response to University Medical's motion. R. Doc. No. 24, at 2.

Federal Rule of Civil Procedure 5(b)(2)(C) provides that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Whether plaintiff actually received University Medical's motion is immaterial with respect to whether service was proper pursuant to Rule 5(b)(2)(C). Additionally, because plaintiff timely responded to University Medical's motion, the Court cannot conclude that plaintiff never received the motion.
[4] R. Doc. No. 25.

additional objection.[5] For the reasons that follow, the Court grants University Medical's motion. Additionally, because plaintiff has failed to timely serve the remaining defendants listed in his complaint, the Court dismisses plaintiff's claims against them.

## I. BACKGROUND

This case arises out of a jaw surgery performed on plaintiff in June 2023. Plaintiff states that after being discharged from surgery, he complained about severe pain and swelling on various occasions "to no avail."[6] Plaintiff states that on July 17, 2023, a doctor tortured him when the screws were removed from plaintiff's gums.[7] Plaintiff alleges that he experienced constant, severe pain and swelling.[8] On September 14, 2023, plaintiff states that he discovered that his surgery was intentionally botched.[9]

Plaintiff, proceeding *in forma pauperis*,[10] filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging torture and cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution as well as hate crimes against African Americans in violation of the Racketeer Influenced and Corrupt Organizations Act

---

[5] R. Doc. No. 30. Plaintiff's objection asks this Court to remove "fraudulent documents" filed by counsel for University Medical. *Id.* at 3. The Court finds no basis for this objection, and it is therefore overruled.
[6] R. Doc. No. 1, at 5–6.
[7] *Id.* at 6.
[8] *Id.*
[9] *Id.*
[10] R. Doc. No. 3.

("RICO").[11] Plaintiff alleges that University Medical has informal policies and procedures that target African Americans.[12]

The Court previously dismissed[13] plaintiff's case without prejudice when no one appeared at a hearing after the Court issued an order[14] to show cause why the action should not be dismissed for failure to serve the defendants named in his complaint. Plaintiff then filed a motion[15] to reopen his case, stating that he had been arrested and that he was in custody. The Court granted[16] the motion and reopened plaintiff's case on September 19, 2024. The Court further granted plaintiff additional time to effectuate service on the five defendants listed in plaintiff's complaint and ordered him to file proof of service into the record no later than December 18, 2024.[17]

As of this date, the Court has received proof of service only as to University Medical.[18] In plaintiff's objections dated January 13, 2025, he states that he submitted a motion to the Clerk of Court on or about October 18, 2024, along with completed summons, requesting that service be made on the four unserved defendants but that he never received a response.[19] The Court has never received this motion. In addition, plaintiff never filed a motion asking for an extension of time pursuant to Federal Rule of Civil Procedure 4(m) to serve the remaining defendants.

---

[11] R. Doc. No. 1, at 3.
[12] *Id.* at 5.
[13] R. Doc. No. 9.
[14] R. Doc. No. 8.
[15] R. Doc. No. 14.
[16] R. Doc. No. 15.
[17] *Id.*
[18] *See* R. Doc. No. 12.
[19] R. Doc. No. 30, at 3.

3

In its present motion to dismiss, University Medical argues that plaintiff's claims against it must be dismissed because his complaint fails to set forth facts detailing how University Medical violated the Eighth Amendment or RICO.[20] University Medical also argues that it is a private, non-profit healthcare provider and that plaintiff has failed to allege how it acted under color of state law as required for actions brought pursuant to § 1983.[21]

## II.  STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must meet the requirement in Rule 8(a)(2), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While this short and plain statement does not require "detailed factual allegations," it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotations and citations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

---

[20] R. Doc. No. 21, at 2.
[21] R. Doc. No. 21-2, at 7–8.

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the [plaintiff's] claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation and internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to [the] plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in [the] plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

## III. ANALYSIS

### a. Section 1983

Title 42 U.S.C. § 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates a person's constitutional rights. "To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks and citations omitted).

"'[M]ere private conduct, no matter how discriminatory or wrongful', is excluded from § 1983's reach." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (cleaned up) (quoting *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003)). However, "private action may be deemed state action when the defendant's conduct is 'fairly attributable to the State.'" *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)). To establish that conduct is fairly attributable to the state, a plaintiff must show

> (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor.

*Id.*

University Medical is a private healthcare provider, not a state actor. Plaintiff furthermore does not provide any facts in his complaint to suggest that University

6

Medical was in concert with state actors or that its conduct is otherwise attributable to the state. Plaintiff's only basis in his complaint for alleging that University Medical acted under color of state law was that doctors informed plaintiff that University Medical is nationally ranked in jaw surgeries.[22] Plaintiff therefore fails to meet his burden to demonstrate that University Medical was acting under color of state law and fails to state a claim pursuant to § 1983.

### b. RICO

Civil claims pursuant to RICO "have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)). "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Id.* at 263. "The predicate acts can be either state or federal crimes." *Id.*; *see* 18 U.S.C. § 1961(1) (providing an extensive definition of "racketeering activity").

In addition to pleading a substantive violation of RICO as outlined in 18 U.S.C. § 1962, § 1964 requires a civil RICO plaintiff to demonstrate "an injury to his or her business or property" and "that such injury was proximately caused by a RICO violation." *Lewis v. Danos*, 83 F.4th 948, 956 (5th Cir. 2023). These injury and causation requirements "are referred to as prudential standing." *Id.*

---

[22] R. Doc. No. 1, at 5.

Although RICO is to be read broadly, *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 (1985), "there is no recovery under RICO for personal injuries." *Vickers v. Weeks Marine, Inc.*, 414 F. App'x 656, 657 (5th Cir. 2011) (per curiam) (unpublished). Such injuries are insufficient to establish standing to sue pursuant to 18 U.S.C. § 1964(c). *Id.* "Even the economic consequences of personal injuries do not qualify as 'injury to business or property'" for the purposes of RICO. *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 646 (S.D. Tex. 2007) (collecting cases), *aff'd sub nom.*, *Bradley v. Phillips Chem. Co.*, 337 F. App'x 397 (5th Cir. 2009) (unpublished).

Plaintiff fails to state a RICO claim for at least two reasons. First, plaintiff's allegations that University Medical intentionally botched his surgery and committed hate crimes against African Americans fails to allege any predicate acts pursuant to the extensive list of acts that qualify as racketeering activity provided in 18 U.S.C. § 1961(1). Second, plaintiff fails to allege a cognizable injury sufficient to bring a civil RICO claim. Plaintiff states that he has a permanently disfigured jawbone, slurred speech, tingling nerves, severe pain, and lack of feeling in his bottom lip and chin.[23] Plaintiff does not allege any injury to business or property. Because all of plaintiff's injuries are bodily injuries, plaintiff does not have standing to bring a RICO claim.

### IV.   CONCLUSION

For the foregoing reasons,

---

[23] *Id.* at 7.

**IT IS ORDERED** that University Medical's motion to dismiss is **GRANTED.** Plaintiff's claims pursuant to § 1983 and RICO against University Medical are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Mark Alan Welch, Anne Scruggs, Jacob Lee, and A. Mukhopadhyah are **DISMISSED WITHOUT PREJUDICE** for failure to comply with this Court's order[24] that proof of service be filed into the record no later than December 18, 2024.

New Orleans, Louisiana, January 27, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. No. 15.