UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JAMES C. BARNUM, JR.**                                      **CIVIL ACTION**

**VERSUS**                                                    **No. 24-203**

**MARK ALAN WELCH, ET AL.**                                   **SECTION I**

ORDER AND REASONS

Before the Court is *pro se* plaintiff James C. Barnum's ("Barnum") motion[1] to appoint counsel. Barnum additionally makes a motion[2] requesting that service be made upon the defendants listed therein, and he filed objections[3] to defendant University Medical Center's motion[4] to dismiss. The Court has already dismissed[5] Barnum's complaint and entered judgment[6] in this matter. Barnum filed a notice of appeal.[7] The Court therefore construes Barnum's motion to appoint counsel as a motion to appoint counsel in connection with his appeal.

Barnum, proceeding *in forma pauperis*,[8] filed a civil complaint pursuant to 42 U.S.C. § 1983 alleging torture and cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution as well as violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").[9] Barnum previously filed a

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 40.
[3] R. Doc. No. 41.
[4] R. Doc. No. 21.
[5] R. Doc. No. 31.
[6] R. Doc. No. 32.
[7] R. Doc. No. 37.
[8] R. Doc. No. 3.
[9] R. Doc. No. 1, at 3.

motion[10] for the Court to appoint him counsel, which the Court denied[11] for failure to demonstrate exceptional circumstances warranting appointment of counsel.

The Court later dismissed with prejudice Barnum's claims against University Medical Center Management Corporation for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[12] The Court likewise dismissed[13] without prejudice Barnum's claims against Mark Alan Welch, Anne Scruggs, Jacob Lee, and A. Mukhopadhyah for failure to comply with the Court's order[14] that proof of service be filed into the record as to these defendants no later than December 18, 2024. Thereafter, the Court entered its judgment,[15] and Barnum appealed.[16]

"Generally, when an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994). Because the issue of whether the Court should appoint counsel to assist Barnum in prosecuting his appeal is an "action in aid of the appeal," the Court retains jurisdiction to consider Barnum's requests. *See id.*

While there is no right to appointment of counsel in civil cases, "a district court may appoint counsel if doing so would aid in the efficient and equitable disposition of

---

[10] R. Doc. No. 10.
[11] R. Doc. No. 13.
[12] R. Doc. No. 31.
[13] *Id.* at 9.
[14] R. Doc. No. 15.
[15] R. Doc. No. 32.
[16] R. Doc. No. 37.

2

the case" where a litigant is proceeding *in forma pauperis*. *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (quotation and citation omitted). Appointment of counsel is reserved for "exceptional circumstances." *Id.* at 141. While what amounts to exceptional circumstances is not easily defined, courts consider "(1) the complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Id.* at 140–41 (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). "The plaintiff bears the burden of persuasion as to the necessity of such an appointment." *Mitchell v. Beard*, No. CIV.A. 13-534, 2013 WL 5934456, at *1 (E.D. La. Nov. 4, 2013) (Morgan, J.).

Barnum argues that his case demonstrates exceptional circumstances because he is unable to afford counsel, he is mentally disabled, the issues in the case are too complex, and he has a limited knowledge of the law.[17] He also states that he has demanded a jury trial, which requires greater legal skill, and that the case involves medical issues that will require expert testimony.[18]

Having reviewed the filings in this case, the Court concludes that this case does not present extraordinary circumstances warranting appointment of counsel. First, the Court cannot conclude that the legal or factual issues relevant on appeal are especially complex such that they amount to an extraordinary circumstance.

---

[17] R. Doc. No. 36, at 1.
[18] *Id.* at 2–3.

While RICO violations and § 1983 claims are in many ways complex, courts frequently deny motions to appoint counsel absent a showing of something more than the complexity of the cause of action itself. *See, e.g.*, *LaBranche v. Nestor I LLC*, No. CV 18-8399, 2019 WL 3891555, at *3 (E.D. La. Aug. 19, 2019) (Morgan, J.) (stating of a case alleging RICO violations that there was nothing especially complex about the case even if "[e]very civil lawsuit is in some ways complex"); *Ulmer*, 691 F.2d at 212 ("The trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 unless the case presents exceptional circumstances." (citation omitted)).

Second, Barnum appears to have an average understanding of the law. He has managed to file numerous motions and has provided the Court with citations to relevant case law and procedural rules.[19] His command of the English language and his ability to write appear to be adequate. Barnum also has failed to explain what his alleged mental disability is or how it inhibits his ability to present his case. Lastly, because Barnum is proceeding on appeal following a motion to dismiss, any difficulty related to presentation of evidence during a jury trial and medical testimony no longer provides a material basis to appoint him counsel. Accordingly,

**IT IS ORDERED** that Barnum's motion to appoint counsel is **DENIED**.

**IT IS FURTHER ORDERED** that motion requesting that service be made on the defendants in this case is **DISMISSED**. All of Barnum's claims have already been dismissed in this matter.

---

[19] *See, e.g.*, R. Doc. No. 36; R. Doc. No. 18.

**IT IS FURTHER ORDERED** that Barnum's objections to University Medical Center's motion to dismiss are **DISMISSED AS MOOT**.

New Orleans, Louisiana, March 14, 2025.

                                              **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**