UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES C BARNUM, JR                                            CIVIL ACTION

VERSUS                                                        No. 24-203

MARK ALAN WELCH, ET AL.                                       SECTION I

ORDER AND REASONS

Before the Court is *pro se* plaintiff, proceeding *in forma pauperis*, James C. Barnum's ("Barnum") motion[1] for a transcript so that he may file an appeal with the Fifth Circuit. The Court construes this as a motion for a transcript at the United States' expense.[2]

On June 10, 2024, the Court issued a rule to show cause why Barnum's claims should not be dismissed for failure to serve the defendants in this case.[3] Barnum failed to appear at the hearing, and the Court thereby dismissed Barnum's complaint without prejudice.[4] The only transcript in this matter is the transcript of this hearing in which the Court noted Barnum's failure to appear.

Upon Barnum's motion,[5] the Court reopened Barnum's case on September 19, 2024.[6] The Court granted Barnum additional time to effectuate service on the defendants and ordered Barnum to file proof of service into the record no later than

---

[1] R. Doc. No. 34.
[2] The Court construes these filings liberally as they were filed *pro se*. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).
[3] R. Doc. No. 8.
[4] R. Doc. No. 9.
[5] R. Doc. No. 14.
[6] R. Doc. No. 15.

December 18, 2024.[7] The record reflects only proof of service for defendant University Medical Center Management Corporation,[8] but no proof of service was ever filed into the record for the remaining defendants.

The Court later dismissed[9] Barnum's claims against University Medical Center Management Corporation with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court also dismissed Barnum's claims against the remaining defendants for failure to comply with the Court's order that he properly serve those defendants.[10] Barnum filed a notice of appeal.[11]

Title 28 U.S.C. § 753(f) provides that the United States shall pay fees for transcripts furnished in non-criminal proceedings to persons permitted to appeal *in forma pauperis* "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." "Free transcripts are provided only when a party raises a substantial question on appeal and demonstrates a particular need for the transcript." *Dillon v. Sessions*, 20 F.3d 1169, 1169 (5th Cir. 1994).

Barnum has not set forth the issues he plans to raise on appeal in his motion. The Court therefore cannot determine whether the appeal is frivolous. Moreover, Barnum has "demonstrated no particular need for a transcript." *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985). This case was resolved on a motion to dismiss. The only transcript in this matter is for for a rule to show cause hearing in

---

[7] *Id.*
[8] *See* R. Doc. No. 12.
[9] R. Doc. No. 32 (judgment).
[10] *Id.*
[11] R. Doc. No. 37.

which the Court dismissed Barnum's claims without prejudice for failure to appear. The Court later reversed that decision when it reopened Barnum's case and gave him additional time to serve the defendants. The Court sees no basis for why a transcript of the rule to show cause hearing is needed for Barnum's appeal.

Barnum has therefore failed to demonstrate that he is entitled to a free transcript. However, he may order a copy of any transcript he desires by contacting the court reporter in writing and tendering payment of the appropriate costs. Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, April 8, 2025.

_____
**　　　　　LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**